UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STATE FARM LIFE AND ASSURANCE COMPANY,       **DECSION**
                                              **and**
        Plaintiff,          **ORDER**

  v.                                12-CV-380S(F)

RONALD T. EPPS,
DONTE R. SMITH,
DOUGLAS JOHNSON, As Parent and Guardian of
Travante D. Johnson,
TRAVANTE D. JOHNSON,
MARY MOSS, As Guardian of Armontae Moss,
ARMONTAE MOSS,
MARY MOSS, Individually and as Custodian under
NY Uniform Transfers Minors Act for Donte R. Smith,
Travante D. Johnson and Armontae Moss,

        Defendants.
_____

APPEARANCES:         GOLDBERG SEGALLA LLP
                     Attorneys for Plaintiff
                     CARRIE P. APPLER, of Counsel
                     665 Main Street, Suite 400
                     Buffalo, New York   14203

                     MURPHY MEYERS LLP
                     Attorney for Defendant Epps
                     CHERYL MEYERS BUTH, of Counsel
                     6506 East Quaker Street, 2nd Floor
                     Orchard Park, New York   14127

                     MAGAVERN, MAGAVERN & GRIMM
                     Attorneys for Defendants Smith, Travante
                     Johnson, Mary Moss, Armontae Moss,
                     CHERYL SMITH FISHER, of Counsel
                     1100 Rand Building
                     14 Lafayette Square
                     Buffalo, New York   14203

In this interpleader action brought pursuant to Fed.R.Civ.P. 22 ("Rule 22"), to determine entitlement to the proceeds of a life insurance policy on the life of Angela Moss ("Moss") the insured, Defendant Ronald T. Epps ("Epps") moves for a stay of proceedings by papers filed November 14, 2013 (Doc. No. 47) ("Defendant Epps' motion").  The interpleader was brought by Plaintiff, State Farm Life ("State Farm"), the insurance company, to establish whether Epps, as the primary beneficiary on the Moss life insurance policy, or Defendants Travante Johnson, Armontae Moss and Donte Smith, Moss's children, as contingent beneficiaries ("Moss Defendants"), should receive the proceeds of the insurance policy, now valued at approximately $106,000.  Epps did not file a timely answer to the interpleader action, and, on July 22, 2013 (Doc. No. 40), Plaintiff's motion for interpleader relief was granted, the proceeds ordered to be paid into court, and Defendants ordered to litigate their competing claims to the proceeds.

Specifically, Epps requests the proceedings be stayed because he is facing federal criminal charges predicated on his allegedly having murdered Moss ("the pending charges").  At present, Epps has not been charged with the homicide.  As contingent beneficiaries, the Moss Defendants will be entitled to the proceeds based on New York law disqualifying the killer, alleged to be Epps, of an insured like Moss, the victim of an as yet unresolved homicide.  In accordance with Rule 22 and the court's direction, the Moss Defendants have moved for a default judgment against Epps based on his failure to oppose timely the interpleader complaint and for payment of the insurance benefits to them (Doc. No. 43-1).  On November 14, 2013, Epps filed an answer (Doc. No. 46) along with a motion for a stay asserting, *inter alia*, that he had no objection to State Farm's request that the proceeds be paid into court, but that as the

primary beneficiary under the policy, the proceeds should be ordered to be paid to him (Doc. No. 46). Epps's request for a stay is based on the pending criminal charges and Epps's likely need to invoke his Fifth Amendment privilege in order to oppose the Moss Defendants' motion. Affidavit of Cheryl Meyers Buth, Doc. No. 47 ("Meyers Buth Affidavit") ¶ 19. Epps also asserts that the Moss Defendants have not properly pleaded an entitlement to the proceeds. *Id.* ¶ 9.

Whether to stay civil proceedings where parallel criminal proceedings against a party are pending requires consideration of several factors including the extent of overlapping issues in the two cases, the status, *i.e.*, imminence of prosecution, of the parallel criminal case, plaintiff's interest in an expedited disposition when weighed against any prejudice to plaintiff's interest from delay resulting from the requested stay, the private interests of and burden on a defendant, the court's interest in controlling its docket and prompt disposition of pending cases, and the public interest in the subject matter and a fair disposition. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012) ("*Vuitton*") (citing *Trs. of Plumbers and Pipefitters Nat'l Pension Fund*, 886 F.Supp. 1134, 1139 (S.D.N.Y. 1995)). The decision to grant or deny a stay in this circumstance is addressed to the discretion of the court, *id.*, at 97 (internal citations omitted), and the requesting party has the burden to establish a need for the stay. *Id.* (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). "'[A]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim.'" *Id.* (quoting *Hicks v. City of New York*, 268 F.Supp.2d 238, 241 (S.D.N.Y. 2003) (internal quotation marks omitted)). In applying the relevant factors approved in *Vuitton*

to an application to stay a parallel civil action, the court is required to engage in "'a particularized inquiry into the circumstances of, and the competing interests in, the case.'" *Id.* (quoting *Banks v. Yokemick,* 144 F.Supp.2d 272, 275 (S.D.N.Y. 2001) (citing *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 325 (9th Cir. 1995))). The court's exercise of discretion must be reasonable and will not be disturbed unless the denial results in "prejudice so great that, as a matter of law, it vitiates a defendant's constitutional rights or otherwise gravely and unnecessarily prejudices the defendant's ability to defend his or her rights." *Id.* at 100.

Here, the only matter presently before the court is the Moss Defendants' motion for a default judgment against Epps and an order directing payment of the proceeds to them based on Epps's failure to timely oppose Plaintiff's requested interpleader. Whether the Moss Defendants are entitled to such relief is primarily an issue of law, *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (in considering motion for default judgment, district court must determine whether allegations establish defaulting party's liability as a matter of law), and will not require the Moss Defendants to establish their entitlement to the requested relief by demonstrating Epps's guilt, and disqualification as a beneficiary under New York law, as Moss's putative killer, potentially requiring Epps to provide evidence of his guilt by requests to admit, interrogatory answers, or deposition should the Moss Defendants choose to exercise such discovery devices in addition to or in lieu of any independent evidence of Epps's guilt available to them. If Epps determines that to defeat the Moss Defendants' motion it is necessary to formally assert his innocence, he could do so in an opposing affidavit, and such denial would not

4

constitute incriminating testimony bearing on his guilt even if it were considered to have resulted from the denial of the requested stay.

Moreover, by denying the request stayed — requiring that Epps defend against the Moss Defendants' request for a default judgment — Epps is in no worse position than if the stay were granted and the criminal case proceeded to verdict.  In the event of conviction, Epps's ability to resist the requested payment of the proceeds to the Moss Defendants based on a default judgment, or other pleadings, would be severely, if not fatally, impaired, and, in the event of an acquittal, Epps would be faced with the Moss Defendants' probable determination to forge ahead with the instant interpleader action, under the greatly reduced preponderance of evidence burden of proof standard applicable to a civil case.  Thus, requiring Epps to proceed to defend against the Moss Defendants' default judgment request does not gravely impair Epps's Fifth Amendment right against self-incrimination because his testimony will not be relevant to the question of default and affects no substantial prejudice to his ability to oppose the Moss Defendants' motion caused by a refusal to provide discovery with a resulting adverse inference.  *See Louis Vuitton Malletier, S.A.*, 676 F.3d at 100.  Further, trial in the criminal case is not imminent, *see* Meyers Buth Affidavit ¶ ¶ 17-18.  In the criminal case, motion practice continues, *see United States v.* Epps, 12-CR-305A(Sr), Doc. No. 24, and no trial date has been established.  Meyers Buth Affidavit ¶ 18.  Moss Defendants' interest in prompt disposition and payment of the proceeds is strong and further delay in a resolution is unwarranted.  The court's interest in resolving the matter as promptly as possible is substantial and the public interest in whether a suspected killer of the insured should receive the proceeds of the insurance policy is palpable.  Consideration

of the relevant factors thus indicates the Moss Defendants' motion should be promptly determined as fairness to both sides permits.  The court therefore need not address at this time whether, should it become necessary for the Moss Defendants to seek discovery from Epps while the parallel criminal case is pending, a stay or protective order at Epps's request should be granted to avoid creating potential damaging adverse inferences in the event Epps should assert the privilege, *see Louis Vuitton Malletier S.A.*, 676 F.3d at 102 (pointing to alternative discovery controls, including protective orders, as a means to allow a civil proceeding to go forward while protecting against potential prejudice based on assertions of a Fifth Amendment privilege in connection with a parallel criminal proceeding), and the court expresses no view on that question.

Finally, in the interest of justice, Epps may file his response to the Moss Defendants' motion not later than **June 16, 2014**; any replies shall be filed not later than **July 1, 2014**.  Oral argument shall be at the discretion of the court.

## CONCLUSION

Based on the foregoing, Defendants Epps's motion (Doc. No. 47) is DENIED. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 19, 2014
    Buffalo, New York