UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STATE FARM LIFE AND ASSURANCE
COMPANY, INC.,

       Plaintiff,

v.

RONALD T. EPPS, DONTE R. SMITH,
DOUGLAS JOHNSON, as Parent and Guardian
of Travantae D. Johnson, TRAVANTE D.
JOHNSON, individually, and MARY MOSS,
Individually as Custodian Under New York
Uniform Transfers to Minors Act for Donte R.
Smith, Travantae D. Johnson, and Armontae
Moss,

       Defendants.

**DECISION AND ORDER**
12-CV-380S

1. Presently before this Court are Defendants' objections to Magistrate Judge Foschio's Report and Recommendation. When a party objects to a magistrate judge's report and recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C). After reviewing the report and recommendation, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

2. Plaintiff State Farm Life and Assurance Company, Inc. ("State Farm") brought this action on April 30, 2012 pursuant to Federal Rule of Civil Procedure 22 seeking interpleader relief as an innocent stakeholder facing multiple liability arising from

Defendants' competing claims to a life insurance policy ("the Policy") issued by Plaintiff to Angela Moss. (Docket No. 1). On September 28, 2012, Plaintiff filed a motion asking the Court to issue an order that, among other things, (1) permitted State Farm to deposit with the Court the death benefit payable under the Policy, and (2) dismissed State Farm from the action with prejudice. (Docket No. 19).

3. On June 10, 2013, Judge Foschio issued a report and recommendation granting Plaintiff's motion and permitted Plaintiff to deposit the Policy's $100,000 death benefit proceeds with the court, pending resolution of the Defendants' litigation of their competing claims to the Policy's proceeds. (Docket No. 38). On July 21, 2013, no objections having been filed, this Court accepted Judge Foschio's report and recommendation and permitted Plaintiff to deposit the Policy's $100,000 death benefit proceeds with the Court (less the $2,000 awarded to Plaintiff in attorneys' fees) after which Plaintiff would be dismissed from the action with prejudice. (Docket No. 40). Those funds are currently held by the Clerk of Court pursuant to Rule 22.

4. For background purposes: the underlying dispute stems from Defendants' competing claims to the proceeds of the Policy. Defendant Ronald T. Epps, the Insured's fiancé, was named as the primary beneficiary of the Policy; Defendants Donte Smith, TraVante Johnson, and Armontae Moss, children of the Insured, were named as successor beneficiaries. At the time this action was commenced, all three successor beneficiaries were under the age of 21 years' old and therefore "minors"; Mary Moss is acting as custodian of all three under Act. See N.Y. Est. Powers & Trusts Law § 7-6.1 (McKinney) ("'Minor' means an individual who has not attained the age of twenty-one years."); see also Docket No. 19-16.

5. In October 2014, this action was stayed pending a determination on the federal criminal charges brought against Ronald Epps (the primary beneficiary) in September 2012. See United States v. Epps, No. 12-CR-305. Ronald Epps was convicted by a jury in December of 2016 of, among other things, crimes arising out of the homicide of Angela Moss in connection with his attempt to collect the proceeds of her life insurance policy. See id., Docket No. 99 (Judgment). The Second Circuit affirmed his conviction on July 31, 2018. See United States v. Epps, 742 F. App'x 544 (2d Cir. July 31, 2018) (summary order).

6. On December 19, 2018, the parties submitted a proposed Amended Stipulated Order for the Court's approval, which is the subject of the instant report and recommendation. (Docket No. 74). Unlike the first proposed Stipulated Order (Docket No. 72), the Amended Stipulated Order is without a provision providing for proceeds in the amount of $1,000 to be paid to Ronald Epps (there were concerns as to the validity of Ronald Epps' claim in light of his criminal conviction). The Amended Stipulated Order provides for the following disposition of the funds held in escrow:

   a. The first One-Third of the balance of the IOLA Trust Account shall be disbursed to, Magavern Magavern Grimm LLP, as and for fees according to the terms of the Retainer Agreement between the firm and the Moss Defendants;
   b. The remaining balance of the funds in the IOLA Trust Account shall be disbursed in equal shares to Donte R. Smith, Travante D. Johnson and Mary Moss as custodian of Armontae Moss, pursuant to the New York Uniform Transfers to Minors Act.

(Docket No. 74 at 3).

7. In a January 3, 2019 Order, presumably with the understanding that Armontae Moss was an "infant," Judge Foschio construed the Amended Stipulated Order as a request for approval of an infant settlement pursuant to Local Rule 41(a)(1)(A).

3

(Docket No. 75). That rule provides that "action[s] by or on behalf of infant[s]" cannot be dismissed "without application to and leave of the Court" and directs that such proceedings conform to those provided for in New York's Civil Practice Law and Rules ("CPLR") Sections 1207 and 1207. See LR 41(a)(1)(A). Local Rule 41 further provides that a court "shall authorize payment of a reasonable attorney's fee and proper disbursements from the amount recovered in such an action" "realized by settlement" "and shall determine such fee and disbursements after due inquiry as to all charges against the fund." See LR 41(a)(1)(C). Judge Foschio's order, therefore, directed counsel for Defendants to submit contemporaneous time records of legal services provided in this action in order to support the reduction in proceeds held in escrow by the Court to be paid to the "infant" (Armontae Moss)—namely, the one-third contingency fee to be disbursed to Magavern Magavern Grimm LLP.

8. Compounding this confusion and apparently misunderstanding Judge Foschio's intent to perform a Local Rule 41(a)(1) infant settlement review, counsel for Defendants filed with the Court its retainer agreement with the Defendants "as supporting documentation requested in the Court's 01/03/19 Order." (Docket No. 76). Counsel did not file time records of legal services rendered.

9. On January 9, 2019, Judge Foschio issued the instant Report and Recommendation, approving the Amended Stipulated Order in this action "as a disposition by dismissal of an infant's claim in accordance with Local Rule Civ. P. 41(a)(1) as to Defendant/Claimant Mary Moss as guardian and custodian for Armontae Moss, a minor." (Docket No. 78 at 10). But due to counsel for Defendants' failure to timely submit "any documentation in support for the requested 1/3 contingent fee as required" for infant

4

settlement reviews under Local Rule 41, Judge Foschio reduced that proposed fee to two-thirds of the amount of the requested contingency fee calculated upon the actual amount of the interpleader funds held by the Court. (Id.). Accordingly, Judge Foschio recommended that the Amended Stipulated Order be approved, that the Clerk of Court be directed to issue a check payable to Magavern Magavern Grimm LLP for the balance of the interpleader fund held by the court in this action under Receipt No. BUF036849 together with all accrued interest, less the statutory registry fee, as of the date of such payment, to be disbursed in accordance with the Amended Stipulated Order. (Id. at 10-11).

10. Defendants timely filed objections to the Report and Recommendation. (Docket No. 79). Defendants aver that Judge Foschio erred in conducting a Local Rule 41(a)(1)(A) review because Armontae is not an "infant." (See id. at 5). The CPLR, which governs Local Rule 41(a)(1)(A) infant settlement reviews, defines "infant" as "a person who has not attained the age of eighteen years." N.Y. C.P.L.R. 105(j). Armontae Moss turned eighteen years' old on July 14, 2018. (See Docket No. 19-16). In other words, Armontae Moss was not an "infant" at the time the Amended Stipulated Order was filed for the Court's approval. In so averring, Defendants acknowledge their own oversight in not realizing from the January 3, 2019 order that Judge Foschio would be conducting a Local Rule 41(a)(1)(A) infant settlement review. Defendants ask that the Court approve the Amended Stipulated Order as it stands, including the one-third contingency fee arrangement contained in the Amended Stipulated Order, so that the funds held with the Court be disbursed accordingly.

11. Having reviewed the Report and Recommendation *de novo* after

5

considering Defendants' submissions, see 28 U.S.C. § 636(b)(1), the Court concludes that a Local Rule 41(a)(1)(C) infant settlement review was conducted in error and, accordingly, will set aside Judge Foschio's Report and Recommendation. Id., § 636(b)(1)(C).

IT HEREBY IS ORDERED, that the Report and Recommendation (Docket No. 78) is set aside,

FURTHER, that Defendants' objections (Docket No. 79) are GRANTED,

FURTHER, that the Clerk of Court is directed to issue a check payable to Magavern Magavern Grimm LLP for the balance of the interpleader fund held by the Court in this Action under Receipt No. BUF036849 together with all accrued interest, less the statutory registry fee, as of the date of such payment, to be disbursed in accordance with the terms in the attached Amended Stipulated Order,

FURTHER, that the remaining balance of the interpleader fund be disbursed in equal shares to Donte R. Smith, Travante D. Johnson, and Mary Moss as custodian of Armontae Moss, pursuant to the New York Uniform Transfers to Minors Act,

FURTHER, that within fifteen (15) days of distribution of the Policy proceeds, all remaining parties shall file a stipulation of dismissal of any and all remaining claims, with prejudice.

SO ORDERED.

Dated: April 24, 2019
      Buffalo, New York

<u>WILLIAM M. SKRETNY</u>
United States District Judge
Western District of New York